IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CASEY RAFAEL TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV483 |
| | ) | |
| CHARLES LOCKLEAR, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but failed to include the total amount of deposits into his prison trust account during the past six months.

2.  The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3.  It is not clear that Plaintiff states any proper claim for relief. Plaintiff reports that Defendant Milsap filed a disciplinary grievance against him for allegedly making a threatening statement and that this violated his right to free speech. However, Plaintiff adds as an exhibit a form in which he claims that "lawlessness" at the correctional facility is suffocating him and choking him

out and that he is reaching the point where he will use everything he has in him to resist the attack. This can certainly be seen as at least a generally threatening statement. Plaintiff does not have a right to make threatening statements to prison officials. He alleges at certain points that the basis for the disciplinary notice may have actually been verbal statements he made at a later date. However, the nature of these statements is not clear. Finally, he complains that he lost his prison job as a result of being placed in administrative custody while awaiting a hearing on the write up. Prisoners generally have no constitutional right to prison jobs, even where the job will allow them the chance to earn good-time credits to reduce their sentence. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

-2-

Case 1:15-cv-00483-WO-JLW   Document 3   Filed 07/02/15   Page 2 of 3

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 2nd day of July, 2015.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge